Joseph Caporaletti v. Commissioner. Cast Caporaletti v. Commissioner.
Caporaletti v. Commissioner
Docket Nos. 19341 and 19342.
United States Tax Court
1950 Tax Ct. Memo LEXIS 304; 9 T.C.M. (CCH) 19; T.C.M. (RIA) 50006; January 11, 1950
*304 Julian C. Hammack, Esq., for the petitioners. E. M. Woolf, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: By this proceeding petitioners challenge respondent's determination of deficiencies in income and victory taxes for the year 1943 as follows: Petitioner
Deficiency
Joseph Caporaletti
$1,725.43
Cast Caporaletti
1,585.50 The year 1942 is pertinent by reason of the Current Tax Payment Act. The above deficiencies result in part from respondent's determination that the entire net income of a partnership is taxable to petitioners, instead of one-half to them and one-half to their wives. The cases were consolidated for hearing. Findings of Fact Petitioners, Joseph and Cast Caporaletti, hereinafter called Joseph and Cast, each filed a Federal income and victory tax return for the year 1943 with the collector of internal revenue for the district of Virginia. Cast and Joseph are cousins. They came to this country from Italy, Cast in 1910 and Joseph in 1915, and worked as laborers in Potomac Yards, Alexandria, Virginia. In the year 1920 they began operating a one-pump gasoline service station under the *305 name of Union Station Auto Supply at 1800 King Street, Alexandria. At that time no written agreement was executed, but Cast and Joseph operated the station as partners. The name was later changed to Temple Motor Company, and the business was expanded to include automobile sales. In the year 1941 petitioners engaged an attorney for services in collecting partnership accounts. In attempting to bring suit for the partnership, the attorney discovered that petitioners had failed to comply with a Virginia statute requiring partnerships to register or be denied the privilege of suing in courts of that state. When informed of that requirement, petitioners decided to execute a written partnership agreement. They instructed their attorney to prepare such an agreement, and to include Joseph's wife, Angelina, and Cast's wife, Hazel, as partners in the business. By a written instrument dated December 3, 1941, petitioners as parties of the first part and their wives as parties of the second part agreed to operate Temple Motor Company as partners with one-fourth interest each, and to share equally any profits or losses. With respect to actual management of the business, the agreement provided: *306 "SECOND: The parties of the first part shall have exclusive control of the management, policies, and operation of the business * * * as well as the exclusive right with respect to the use of any properties now owned by the said partnership; the incoming partners are to devote their time to the promotion of the now existing business and shall do any and all things necessary to this end; * * *
"FOURTH: * * * it being the complete understanding of all parties hereto that the said parties of the first part shall, as they have in the past, continue to operate the said business, and manage the said properties in such a manner, and under such conditions, as they believe to be to the best interest and welfare of the partnership; * * *." The agreement further provided that "such papers as are necessary to completely effect the transfer of the interest to the incoming parties, of their respective interest in the real estate owned by said partnership, are to be executed simultaneously with this agreement." By a written instrument dated December 3, 1941, Cast, Hazel, Joseph, and Angelina, "as grantors," conveyed five parcels of real estate in Alexandria to Cast, Hazel, Joseph, and *307 Angelina "trading and doing business under the name of Temple Motor Company, * * * as tenants in common, (it being the intention of this deed to give each of the parties hereto a one-fourth undivided interest)." [1]
Cast and Hazel are owners as joint tenants of three properties in Alexandria not related to the real estate conveyed by the above deed or to the properties owned by Joseph, described below. Cast and Hazel acquired their home property in 1939 at a cost of $12,000. They acquired two investment properties in 1934 and 1942 at costs of $3,400 and $5,500, respectively. All three properties were acquired with money saved from earnings of Cast from his business. Joseph is owner of two properties not related to the real estate conveyed by the above deeds or to the properties owned by Cast and Hazel, described above. Joseph acquired his home property in 1935 at a cost of $1,000, and constructed a house thereon in 1938 at a cost of $10,000. In 1936 he acquired two additional lots adjoining his home at an aggregate cost of $250. Joseph estimates *308 the present values at $25,000 for the home and an aggregate of $250 for the adjoining lots. Angelina was thirty-two years of age in the year 1935. Petitioners' wives, Angelina and Hazel, rendered no services and contributed no capital originating with themselves to the partnership business. On January 1, 1943, the capital accounts of petitioners and their wives on the partnership books were as follows: Joseph
$16,429.80
Cast
17,838.98
Angelina
31,896.92
Hazel
31,871.91
On March 15, 1943, petitioners and their wives filed individual income tax returns for the calendar year 1942. Joseph reported a total income of $5,020.08 consisting of $1,004 described as salary and $4,016.08 described as partnership income. Cast reported a total income of $5,560.08, consisting of $1,004 described as salary, $540 in rents, and $4,018.08 of partnership income. Hazel reported a total income of $5,020.07, described as partnership income; and Angelina reported a total income of $5,020.08, described as partnership income. The 1942 tax returns of Angelina and Hazel, filed on March 15, 1943, each show a total tax due of $735.08, and a first payment of $183.77. The drawing accounts *309 of Angelina and Hazel on the partnership books show identical withdrawals by each wife during 1943 amounting to $773.53, and consisting of withdrawals in the amounts of $183.77, $183.77, $183.77, and $222.22, on March 31, June 30, September 30, and December 31, respectively. The wives received no other moneys during that taxable year from the partnership business. Petitioners made various withdrawals during the year 1943 amounting to $3,538.92 by Joseph and $3,556.82 by Cast. On December 31, 1943, the capital accounts of petitioners and their wives on the partnership books were as follows: Joseph
$16,112.56
Cast
17,503.84
Angelina
34,345.07
Hazel
34,320.06
On March 15, 1944, petitioners and their wives filed individual income tax returns for the calendar year 1943. Petitioners each reported income from the partnership of $5,045.26. The wives each reported income from the partnership of $5,045.25. In his notices of deficiency respondent "* * * held that the purported interest of your wife * * * in Temple Motor Company (partnership) is without substance. Such interest, in reality being yours, has been included in your income." Petitioners did not actually *310 intend to join together with their wives as partners and operate Union Station Auto Supply with them as a business partnership. Opinion We have found as a fact that petitioners did not actually intend to join with their wives in the conduct and operation as partners of a business partnership. This conclusion is based upon all of the relevant circumstances. . More particularly, the evidence as a whole indicates that petitioners as the two active partners using the capital already in the business prior to December 3, 1941, earned the income; that the wives made no identifiable contribution of capital used in the business or of services of any kind; that the wives were not permitted to exercise any control over the business; and that they did not in fact receive for their own use any of the partnership proceeds. . The burden of showing that notwithstanding the absence of any control over or contribution to the business by the wives, petitioners nevertheless intended to join with them in a business transaction has not been met. , decided this day. *311 Decision will be entered for the respondent. Footnotes
1. The interest, if any, of the wives in the property and the purpose, if any, for which it was used by the partnership do not appear.↩